**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ALNYLAM PHARMACEUTICALS, INC.,<br>*Plaintiff,*<br>v.<br>CIPLA USA INC. and CIPLA LTD.,<br>*Defendants.* | Civil Action No. ____________ |

## COMPLAINT

Plaintiff Alnylam Pharmaceuticals, Inc. ("Alnylam") files this Complaint for patent infringement against Cipla USA Inc. and Cipla Ltd. (collectively, "Cipla"), and by its attorneys, hereby alleges as follows:

## INTRODUCTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202, that arises out of Cipla's submission of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of AMVUTTRA® (vutrisiran) injection, 25 mg/0.5 mL, prior to the expiration of U.S. Patent No. 10,612,024 ("the '024 patent"); U.S. Patent No. 10,208,307 ("the '307 patent"); U.S. Patent No. 10,683,501 ("the '501 patent"); U.S. Patent No. 11,286,486 ("the '486 patent"); and U.S. Patent No. 12,049,628 ("the '628 patent"). These patents are referred to collectively herein as the "Patents-in-Suit."

2. Cipla notified Alnylam by letter dated August 3, 2026 ("Cipla's Notice Letter") that it had submitted to the FDA ANDA No. 221202 ("Cipla's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of vutrisiran sodium injection, 25 mg/0.5 mL, ("Cipla's ANDA Product") prior to the expiration of the Patents-in-Suit.

## PARTIES

3. Plaintiff Alnylam Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 675 West Kendall Street, Cambridge, Massachusetts 02142. Alnylam is the patent owner of the Patents-in-Suit.

4. On information and belief, Defendant Cipla Ltd. is a company organized and existing under the laws of the Republic of India with its principal place of business at Cipla House, Peninsula Business Park, Ganpatrao Kadam Marg, Lower Parel, Mumbai, 400013, India. On information and belief, Cipla Ltd. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Cipla USA Inc.

5. On information and belief, Defendant Cipla USA Inc. is a company organized and existing under the laws of the State of Delaware, with its principal place of business at 10 Independence Boulevard, Suite 300, Warren, New Jersey 07059. On information and belief, Cipla USA Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs.

6. On information and belief, Cipla USA Inc. is a wholly owned subsidiary of Cipla Ltd. and is controlled and dominated by Cipla Ltd.

7. On information and belief, Cipla Ltd. and Cipla USA Inc. acted in concert to prepare and submit Cipla's ANDA to the FDA.

**JURISDICTION**

8. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

9. This Court has personal jurisdiction over Cipla USA Inc. and Cipla Ltd.

10. Cipla Ltd. is subject to personal jurisdiction in Delaware because, among other things, Cipla Ltd., itself and through its wholly-owned subsidiary Cipla USA Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Cipla Ltd. itself, and through its wholly-owned subsidiary Cipla USA Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in Delaware, and therefore transacts business within Delaware related to Alnylam's claims, and/or has engaged in systematic and continuous business contacts within Delaware. In addition, Cipla Ltd. is subject to personal jurisdiction in Delaware because, on information and belief, it controls Cipla USA Inc. and therefore the activities of Cipla USA Inc. in this jurisdiction are attributed to Cipla Ltd.

11. Cipla USA Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Cipla USA Inc. is a corporation organized and existing under the laws of Delaware and is qualified to do business in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Cipla USA Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in Delaware and therefore transacts business within Delaware related to Alnylam's claims, and/or has engaged in systematic and continuous business contacts within Delaware.

12. On information and belief, Cipla knows and intends that following any approval of Cipla's ANDA, Cipla will manufacture and import into the United States Cipla's ANDA Product and directly or indirectly market, sell, and distribute Cipla's ANDA Product throughout the United States, including in Delaware. On information and belief, following any FDA approval of Cipla's ANDA, Cipla knows and intends that Cipla's ANDA Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware. On information and belief, following any FDA approval of Cipla's ANDA, Cipla Ltd. and Cipla USA Inc. will act in concert to distribute and sell Cipla's ANDA Product throughout the United States, including within Delaware.

13. On information and belief, Cipla Ltd. and Cipla USA Inc. are agents of each other, and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length, including with respect to the development, regulatory approval, marketing, sale, offer for sale, and distribution of generic pharmaceutical products throughout the United States, including into Delaware, and including with respect to Cipla's ANDA Product at issue. On information and belief, Cipla Ltd. and Cipla USA Inc. together participated in, assisted, and cooperated in the acts complained of herein.

14. Cipla has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

15. On information and belief, Cipla, with knowledge of the Hatch-Waxman Act process, directed Cipla's Notice Letter to Alnylam, which is an entity organized in Delaware, and

alleged in Cipla's Notice Letter that all of the claims of the Patents-in-Suit are invalid and/or not infringed. On information and belief, Cipla knowingly and deliberately challenged Alnylam's patent rights, and knew when it did so that it was triggering the provisions of the Hatch-Waxman Act for Alnylam to bring an action for patent infringement.

16. Because Alnylam is an entity organized in Delaware, Alnylam suffers injury and consequences from Cipla's filing of Cipla's ANDA, challenging Alnylam's patent rights in Delaware. On information and belief, Cipla knew that it was deliberately challenging the patent rights of a Delaware entity. Cipla has been a litigant in connection with other infringement actions under the Hatch-Waxman Act and reasonably should have anticipated that, by sending Cipla's Notice Letter to a Delaware entity (i.e., Alnylam), it would be sued in Delaware for patent infringement.

17. On information and belief, if Cipla's ANDA is approved, Cipla will directly or indirectly market, sell, and/or distribute Cipla's ANDA Product within the United States, including in Delaware, consistent with Cipla's practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Cipla regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Cipla's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Cipla's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of the claims

of the Patents-in-Suit in the event that Cipla's ANDA Product is approved before the patents expire.

18. In addition, this Court has personal jurisdiction over Cipla because Cipla USA Inc. and Cipla Ltd. regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g.*, *Novartis Pharmaceuticals Corp. et al. v. Cipla USA Inc. et al.*, C.A. No. 26-1010-GBW, D.I. No. 8 (D. Del. Aug. 14, 2026); *Novartis Pharmaceuticals Corp. et al. v. Cipla USA Inc. et al.*, C.A. No. 26-272-GBW, D.I. No. 12 (D. Del. Jun. 5, 2026); *Sumitomo Pharma Switzerland GmbH et al. v. Cipla Limited et al.*, C.A. No. 25-312-MN, D.I. No. 18 (D. Del. May 12, 2025); *Astellas Pharma Inc. et al. v. Cipla Limited et al.*, C.A. No. 24-1333-GBW, D.I. No. 24 (D. Del. Feb. 18, 2025); *Acerta Pharma B.V. et al. v. Cipla Limited et al.*, C.A. No. 24-587-GBW, D.I. No. 10 (D. Del. July 22, 2024); *Hikma Pharmaceuticals USA Inc. v. Cipla USA, Inc. et al.*, C.A. No. 23-1157-GBW, D.I. No. 14 (D. Del. Dec. 19, 2023).

19. Alternatively, if Cipla Ltd.'s connections with Delaware, including its connections with Cipla USA Inc., are found to be insufficient to confer personal jurisdiction, then, upon information and belief, Cipla Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction over Cipla Ltd. in Delaware is consistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

## VENUE

20. Venue is proper in this district as to Cipla USA Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Cipla USA Inc. is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

21. Venue is proper in this district as to Cipla Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Cipla Ltd. is a corporation organized and existing under the laws of the Republic of India and is subject to personal jurisdiction in this judicial district.

**<u>FACTUAL BACKGROUND</u>**

22. AMVUTTRA® (vutrisiran) is a transthyretin-directed small interfering RNA (siRNA) indicated for the treatment of:

- the polyneuropathy of hereditary transthyretin-mediated amyloidosis in adults
- the cardiomyopathy of wild-type or hereditary transthyretin-mediated amyloidosis in adults to reduce cardiovascular mortality, cardiovascular hospitalizations and urgent heart failure visits.

23. On information and belief, Cipla's ANDA Product is a generic version of Alnylam's AMVUTTRA®.

24. On information and belief, Cipla's ANDA Product is not publicly available, nor is Cipla's ANDA accessible to the public.

**<u>COUNT I – INFRINGEMENT OF THE '024 PATENT</u>**

25. Alnylam incorporates each of the preceding paragraphs as if fully set forth herein.

26. The '024 patent, entitled "Modified double-stranded RNA agents" (attached as Exhibit A), was duly and legally issued on April 7, 2020.

27. Alnylam is the owner and assignee of the '024 patent.

28. The '024 patent claims, *inter alia*, a double stranded RNAi agent capable of inhibiting the expression of a target gene.

29. The '024 patent claims, *inter alia*, AMVUTTRA®, and the '024 patent has been listed in connection with AMVUTTRA® in the FDA's Orange Book.

30. In Cipla's Notice Letter, Cipla notified Alnylam of the submission of Cipla's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product prior to the expiration of the '024 patent.

31. In Cipla's Notice Letter, Cipla also notified Alnylam that, as part of its ANDA, Cipla had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the '024 patent. On information and belief, Cipla submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '024 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product.

32. Cipla's submission of Cipla's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product before the expiration of the '024 patent was an act of infringement of one or more claims of the '024 patent under 35 U.S.C. § 271(e)(2)(A).

33. For example, on information and belief, the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla's ANDA Product will infringe one or more claims of the '024 patent including, for example, claim 17.

34. According to Cipla's Notice Letter, Cipla's ANDA Product contains vutrisiran, which is a double stranded RNAi agent capable of inhibiting the expression of a target gene.

35. Vutrisiran comprises a sense strand and an antisense strand complementary to at least one portion of a mRNA corresponding to the target gene, each strand having 14 to 40 nucleotides.

36. Vutrisiran comprises a dsRNA agent that is represented by formula (I):

(I)




wherein: B1, B1′, B2′, B3′, and B4′ each independently represent a nucleotide containing a modification selected from the group consisting of 2′-Oalkyl, 2′-substituted alkoxy, 2′-substituted alkyl, 2′-halo, ENA, and BNA/LNA; C1 is a thermally destabilizing nucleotide, selected from the group consisting of i) a nucleotide that forms a mismatch pair with the opposing nucleotide in the antisense strand, ii) a nucleotide having an abasic modification, and iii) a nucleotide having a sugar modification, and placed at a site opposite to the seed region (positions 2-8) of the antisense strand; T1′, T2′, and T3′ each independently represent a nucleotide comprising a modification providing the nucleotide a steric bulk that is less than or equal to the steric bulk of a 2′-OMe modification, wherein the modification is at the 2′-position of a ribose sugar of the nucleotide or at a position of a non-ribose nucleotide similar to the 2′-position of a ribose sugar; each $n^1$, and $q^1$ is independently 4 to 15 nucleotides in length; each $q^3$, and $q^7$ is independently 1-6 nucleotide(s) in length; each $q^2$ and $q^6$ is independently 1-3 nucleotide(s) in length; $q^5$ is independently 0-10 nucleotide(s) in length; each $n^4$, and $q^4$ is independently 0-3 nucleotide(s) in length; $n^2$ is 3 nucleotides in length, and T1 each are 2′-F; $n^3$ is 7 nucleotides in length, and B2 each are 2′-OMe; and $n^5$ is 3 nucleotides in length, and B3 each are 2′-OMe.

37. Vutrisiran further comprises a dsRNA agent where the sense strand comprises 2′-F modifications at positions 7 and 9-11, counting from the 5′-end of the sense strand; and the antisense strand comprises 2′-F modifications at positions 2, 6, 14, and 16, counting from the 5′-

end of the antisense strand; and wherein the sense and antisense strands comprise six phosphorothioate internucleotide linkage modifications.

38. In Cipla's Notice Letter, Cipla did not contest the infringement of claims 1–30 of the '024 patent on any basis other than the alleged invalidity of those claims. Cipla knows that the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla's ANDA Product will infringe one or more claims of the '024 patent.

39. On information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Product immediately and imminently upon approval of its ANDA.

40. On information and belief, Cipla plans and intends to, and will, actively induce infringement of one or more claims of the '024 patent when Cipla's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Cipla's activities will be done with knowledge of the '024 patent and specific intent to infringe that patent. On information and belief, the proposed product labeling for Cipla's ANDA Product will instruct, or otherwise encourage, recommend, or promote, the administration of vutrisiran in an infringing manner and one or more individuals will use vutrisiran in an infringing manner.

41. On information and belief, Cipla knows that Cipla's ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the '024 patent, that Cipla's ANDA Product is not a staple article or commodity of commerce, and that Cipla's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Cipla plans and intends to, and will, contribute to infringement of one or more claims of the '024 patent immediately and imminently upon approval of Cipla's ANDA.

42. Notwithstanding Cipla's knowledge of the claims of the '024 patent, Cipla has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Cipla's ANDA Product with its product labeling following FDA approval of Cipla's ANDA prior to the expiration of the '024 patent.

43. On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '024 patent, including, for example, claim 17.

44. The foregoing actions by Cipla constitute and/or will constitute infringement of one or more claims of the '024 patent, active inducement of infringement of one or more claims of the '024 patent, and/or contribution to the infringement by others of one or more claims of the '024 patent, either literally or under the doctrine of equivalents.

45. Alnylam will be substantially and irreparably damaged by infringement of the '024 patent.

46. Unless Cipla is enjoined from infringing the '024 patent, actively inducing infringement of the '024 patent, and contributing to infringement by others of the '024 patent, Alnylam will suffer irreparable injury. Alnylam has no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '024 PATENT

47. Alnylam incorporates each of the preceding paragraphs as if fully set forth herein.

48. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Alnylam on the one hand and Cipla on the other regarding Cipla's infringement, active inducement of infringement, and/or contribution to the infringement by others of the '024 patent.

49. The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product with its proposed labeling, or any other Cipla drug product that is covered by or whose use is covered by the claims of the '024 patent, will infringe, induce the infringement of, and/or contribute to the infringement by others of one or more claims of the '024 patent, either literally or under the doctrine of equivalents.

**COUNT III – INFRINGEMENT OF THE '307 PATENT**

50. Alnylam incorporates each of the preceding paragraphs as if fully set forth herein.

51. The '307 patent, entitled "Transthyretin (TTR) iRNA compositions and methods of use thereof for treating or preventing TTR-associated diseases" (attached as Exhibit B), was duly and legally issued on February 19, 2019.

52. Alnylam is the owner and assignee of the '307 patent.

53. The '307 patent claims, *inter alia*, a double stranded RNAi agent.

54. The '307 patent claims, *inter alia*, AMVUTTRA®, and the '307 patent has been listed in connection with AMVUTTRA® in the FDA's Orange Book.

55. In Cipla's Notice Letter, Cipla notified Alnylam of the submission of Cipla's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product prior to the expiration of the '307 patent.

56. In Cipla's Notice Letter, Cipla also notified Alnylam that, as part of its ANDA, Cipla had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the '307 patent. On information and belief, Cipla submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '307 patent are invalid,

unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product.

57. Cipla's submission of Cipla's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product before the expiration of the '307 patent was an act of infringement of one or more claims of the '307 patent under 35 U.S.C. § 271(e)(2)(A).

58. For example, on information and belief, the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla's ANDA Product will infringe one or more claims of the '307 patent including, for example, claim 22.

59. According to Cipla's Notice Letter, Cipla's ANDA Product contains vutrisiran, which is a double stranded RNAi agent.

60. Vutrisiran comprises a double stranded ribonucleic acid (RNAi) agent comprising a sense strand and an antisense strand, wherein the sense strand comprises the nucleotide sequence 5′-usgsggauUfuCfAfUfguaaccaagaL96-3′ (SEQ ID NO: 10) and the antisense strand comprises the nucleotide sequence 5′-usCfsuugGfuuAfcaugAfaAfucccasusc-3′ (SEQ ID NO: 7), wherein a, c, g, and u are 2′-O-methyl (2′-OMe) A, C, G, and U; Af, Cf, Gf, and Uf are 2′-fluoro A, C, G, and U; s is a phosphorothioate linkage; and L96 is N-[tris(GalNAc-alkyl)-amidodecanoyl)]-4-hydroxyprolinol.

61. In Cipla's Notice Letter, Cipla did not contest the infringement of claims 1–13, 17–27, 30–35, and 38–75 of the '307 patent on any basis other than the alleged invalidity of those claims. Cipla knows that the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla's ANDA Product will infringe one or more claims of the '307 patent.

62. On information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Product immediately and imminently upon approval of its ANDA.

63. On information and belief, Cipla plans and intends to, and will, actively induce infringement of one or more claims of the '307 patent when Cipla's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Cipla's activities will be done with knowledge of the '307 patent and specific intent to infringe that patent. On information and belief, the proposed product labeling for Cipla's ANDA Product will instruct, or otherwise encourage, recommend, or promote, the administration of vutrisiran in an infringing manner and one or more individuals will use vutrisiran in an infringing manner.

64. On information and belief, Cipla knows that Cipla's ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the '307 patent, that Cipla's ANDA Product is not a staple article or commodity of commerce, and that Cipla's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Cipla plans and intends to, and will, contribute to infringement of one or more claims of the '307 patent immediately and imminently upon approval of Cipla's ANDA.

65. Notwithstanding Cipla's knowledge of the claims of the '307 patent, Cipla has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Cipla's ANDA Product with its product labeling following FDA approval of Cipla's ANDA prior to the expiration of the '307 patent.

66. On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '307 patent, including, for example, claim 22.

67. The foregoing actions by Cipla constitute and/or will constitute infringement of one or more claims of the '307 patent, active inducement of infringement of one or more claims of the '307 patent, and/or contribution to the infringement by others of one or more claims of the '307 patent, either literally or under the doctrine of equivalents.

68. Alnylam will be substantially and irreparably damaged by infringement of the '307 patent.

69. Unless Cipla is enjoined from infringing the '307 patent, actively inducing infringement of the '307 patent, and contributing to infringement by others of the '307 patent, Alnylam will suffer irreparable injury. Alnylam has no adequate remedy at law.

**COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '307 PATENT**

70. Alnylam incorporates each of the preceding paragraphs as if fully set forth herein.

71. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Alnylam on the one hand and Cipla on the other regarding Cipla's infringement, active inducement of infringement, and/or contribution to the infringement by others of the '307 patent.

72. The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product with its proposed labeling, or any other Cipla drug product that is covered by or whose use is covered by the claims of the '307 patent, will infringe, induce the infringement of, and/or contribute to the infringement by others of one or more claims of the '307 patent, either literally or under the doctrine of equivalents.

**COUNT V – INFRINGEMENT OF THE ’501 PATENT**

73. Alnylam incorporates each of the preceding paragraphs as if fully set forth herein.

74. The ’501 patent, entitled “Transthyretin (TTR) iRNA compositions and methods of use thereof for treating or preventing TTR-associated diseases” (attached as Exhibit C), was duly and legally issued on June 16, 2020.

75. Alnylam is the owner and assignee of the ’501 patent.

76. The ’501 patent claims, *inter alia*, a method of prophylactically treating a human subject at risk for developing a TTR-associated disease.

77. The ’501 patent claims, *inter alia*, methods of use of AMVUTTRA®, and the ’501 patent has been listed in connection with AMVUTTRA® in the FDA’s Orange Book.

78. In Cipla’s Notice Letter, Cipla notified Alnylam of the submission of Cipla’s ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla’s ANDA Product prior to the expiration of the ’501 patent.

79. In Cipla’s Notice Letter, Cipla also notified Alnylam that, as part of its ANDA, Cipla had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the ’501 patent. On information and belief, Cipla submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the ’501 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Cipla’s ANDA Product.

80. Cipla’s submission of Cipla’s ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla’s

ANDA Product before the expiration of the ’501 patent was an act of infringement of one or more claims of the ’501 patent under 35 U.S.C. § 271(e)(2)(A).

81. For example, on information and belief, the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla’s ANDA Product will infringe one or more claims of the ’501 patent including, for example, claim 21.

82. According to Cipla’s Notice Letter, Cipla’s ANDA Product contains vutrisiran, which comprises a double stranded ribonucleic acid (RNAi) agent, wherein the double stranded RNAi agent comprises a sense strand and an antisense strand, wherein the sense strand comprises the nucleotide sequence 5′-usgsggauUfuCfAfUfguaaccaagaL96-3′ (SEQ ID NO: 10) and the antisense strand comprises the nucleotide sequence 5′-usCfsuugGfuuAfcaugAfaAfucccasusc-3′ (SEQ ID NO: 7) wherein a, c, g, and u are 2′-O-methyl (2′-OMe) A, C, G, and U; Af, Cf, Gf, and Uf are 2′-fluoro A, C, G, and U; s is a phosphorothioate linkage; and L96 is N-[tris(GalNAc-alkyl)-amidodecanoyl)]-4-hydroxyprolinol.

83. On information and belief, the proposed product labeling for Cipla’s ANDA Product will instruct, or otherwise encourage, recommend, or promote, a method of prophylactically treating a human subject at risk for developing a TTR-associated disease, comprising administering to the subject a prophylactically effective amount of vutrisiran, thereby prophylactically treating the subject.

84. On information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla’s ANDA Product immediately and imminently upon approval of its ANDA.

85. On information and belief, Cipla plans and intends to, and will, actively induce infringement of one or more claims of the ’501 patent when Cipla’s ANDA is approved, and plans

and intends to, and will, do so immediately and imminently upon approval. Cipla's activities will be done with knowledge of the '501 patent and specific intent to infringe that patent. On information and belief, the proposed product labeling for Cipla's ANDA Product will instruct, or otherwise encourage, recommend, or promote, the administration of vutrisiran in an infringing manner and one or more individuals will use vutrisiran in an infringing manner.

86. On information and belief, Cipla knows that Cipla's ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the '501 patent, that Cipla's ANDA Product is not a staple article or commodity of commerce, and that Cipla's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Cipla plans and intends to, and will, contribute to infringement of one or more claims of the '501 patent immediately and imminently upon approval of Cipla's ANDA.

87. Notwithstanding Cipla's knowledge of the claims of the '501 patent, Cipla has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Cipla's ANDA Product with its product labeling following FDA approval of Cipla's ANDA prior to the expiration of the '501 patent.

88. On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '501 patent, including, for example, claim 21.

89. The foregoing actions by Cipla constitute and/or will constitute infringement of one or more claims of the '501 patent, active inducement of infringement of one or more claims of the '501 patent, and/or contribution to the infringement by others of one or more claims of the '501 patent, either literally or under the doctrine of equivalents.

90. Alnylam will be substantially and irreparably damaged by infringement of the ’501 patent.

91. Unless Cipla is enjoined from infringing the ’501 patent, actively inducing infringement of the ’501 patent, and contributing to infringement by others of the ’501 patent, Alnylam will suffer irreparable injury. Alnylam has no adequate remedy at law.

**COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’501 PATENT**

92. Alnylam incorporates each of the preceding paragraphs as if fully set forth herein.

93. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Alnylam on the one hand and Cipla on the other regarding Cipla’s infringement, active inducement of infringement, and/or contribution to the infringement by others of the ’501 patent.

94. The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of Cipla’s ANDA Product with its proposed labeling, or any other Cipla drug product that is covered by or whose use is covered by the claims of the ’501 patent, will infringe, induce the infringement of, and/or contribute to the infringement by others of one or more claims of the ’501 patent, either literally or under the doctrine of equivalents.

**COUNT VII – INFRINGEMENT OF THE ’486 PATENT**

95. Alnylam incorporates each of the preceding paragraphs as if fully set forth herein.

96. The ’486 patent, entitled “Transthyretin (TTR) iRNA compositions and methods of use thereof for treating or preventing TTR-associated diseases” (attached as Exhibit D), was duly and legally issued on March 29, 2022.

97. Alnylam is the owner and assignee of the ’486 patent.

98. The ’486 patent claims, *inter alia*, a method of treating a subject suffering from a TTR-associated disease.

99. The ’486 patent claims, *inter alia*, methods of use of AMVUTTRA®, and the ’486 patent has been listed in connection with AMVUTTRA® in the FDA’s Orange Book.

100. In Cipla’s Notice Letter, Cipla notified Alnylam of the submission of Cipla’s ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla’s ANDA Product prior to the expiration of the ’486 patent.

101. In Cipla’s Notice Letter, Cipla also notified Alnylam that, as part of its ANDA, Cipla had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the ’486 patent. On information and belief, Cipla submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the ’486 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Cipla’s ANDA Product.

102. Cipla’s submission of Cipla’s ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla’s ANDA Product before the expiration of the ’486 patent was an act of infringement of one or more claims of the ’486 patent under 35 U.S.C. § 271(e)(2)(A).

103. For example, on information and belief, the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla’s ANDA Product will infringe one or more claims of the ’486 patent including, for example, claim 21.

104. According to Cipla's Notice Letter, Cipla's ANDA Product contains vutrisiran, which comprises a double stranded ribonucleic acid (RNAi) agent, wherein the double stranded RNAi agent comprises a sense strand and an antisense strand, wherein the sense strand comprises the nucleotide sequence 5′-usgsggauUfuCfAfUfguaaccaagaL96-3′ (SEQ ID NO: 10) and the antisense strand comprises the nucleotide sequence 5′-usCfsuugGfuuAfcaugAfaAfucccasusc-3′ (SEQ ID NO: 7) wherein a, c, g, and u are 2′-O-methyl (2′-OMe) A, C, G, and U; Af, Cf, Gf, and Uf are 2′-fluoro A, C, G, and U; s is a phosphorothioate linkage; and L96 is N-[tris(GalNAc-alkyl)-amidodecanoyl)]-4-hydroxyprolinol.

105. On information and belief, the proposed product labeling for Cipla's ANDA Product will instruct, or otherwise encourage, recommend, or promote, a method of treating a human subject suffering from a TTR-associated disease comprising administering to a subject a therapeutically effective amount of vutrisiran, thereby treating the subject suffering from the TTR-associated disease.

106. On information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Product immediately and imminently upon approval of its ANDA.

107. On information and belief, Cipla plans and intends to, and will, actively induce infringement of one or more claims of the '486 patent when Cipla's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Cipla's activities will be done with knowledge of the '486 patent and specific intent to infringe that patent. On information and belief, the proposed product labeling for Cipla's ANDA Product will instruct, or otherwise encourage, recommend, or promote, the administration of vutrisiran in an infringing manner and one or more individuals will use vutrisiran in an infringing manner.

108. On information and belief, Cipla knows that Cipla's ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the '486 patent, that Cipla's ANDA Product is not a staple article or commodity of commerce, and that Cipla's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Cipla plans and intends to, and will, contribute to infringement of one or more claims of the '486 patent immediately and imminently upon approval of Cipla's ANDA.

109. Notwithstanding Cipla's knowledge of the claims of the '486 patent, Cipla has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Cipla's ANDA Product with its product labeling following FDA approval of Cipla's ANDA prior to the expiration of the '486 patent.

110. On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '486 patent, including, for example, claim 21.

111. The foregoing actions by Cipla constitute and/or will constitute infringement of one or more claims of the '486 patent, active inducement of infringement of one or more claims of the '486 patent, and/or contribution to the infringement by others of one or more claims of the '486 patent, either literally or under the doctrine of equivalents.

112. Alnylam will be substantially and irreparably damaged by infringement of the '486 patent.

113. Unless Cipla is enjoined from infringing the '486 patent, actively inducing infringement of the '486 patent, and contributing to infringement by others of the '486 patent, Alnylam will suffer irreparable injury. Alnylam has no adequate remedy at law.

**COUNT VIII – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’486 PATENT**

114. Alnylam incorporates each of the preceding paragraphs as if fully set forth herein.

115. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Alnylam on the one hand and Cipla on the other regarding Cipla’s infringement, active inducement of infringement, and/or contribution to the infringement by others of the ’486 patent.

116. The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of Cipla’s ANDA Product with its proposed labeling, or any other Cipla drug product that is covered by or whose use is covered by the claims of the ’486 patent, will infringe, induce the infringement of, and/or contribute to the infringement by others of one or more claims of the ’486 patent, either literally or under the doctrine of equivalents.

**COUNT IX – INFRINGEMENT OF THE ’628 PATENT**

117. Alnylam incorporates each of the preceding paragraphs as if fully set forth herein.

118. The ’628 patent, entitled “Transthyretin (TTR) iRNA compositions and methods of use thereof for treating or preventing TTR-associated diseases” (attached as Exhibit E), was duly and legally issued on July 30, 2024.

119. Alnylam is the owner and assignee of the ’628 patent.

120. The ’628 patent claims, *inter alia*, a salt of a double stranded RNAi agent.

121. The ’628 patent claims, *inter alia*, AMVUTTRA®, and the ’628 patent has been listed in connection with AMVUTTRA® in the FDA’s Orange Book.

122. In Cipla’s Notice Letter, Cipla notified Alnylam of the submission of Cipla’s ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to

engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product prior to the expiration of the '628 patent.

123. In Cipla's Notice Letter, Cipla also notified Alnylam that, as part of its ANDA, Cipla had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355(j)(2)(B)(iv), with respect to the '628 patent. On information and belief, Cipla submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the claims of the '628 patent are invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product.

124. Cipla's submission of Cipla's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Cipla's ANDA Product before the expiration of the '628 patent was an act of infringement of one or more claims of the '628 patent under 35 U.S.C. § 271(e)(2)(A).

125. For example, on information and belief, the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla's ANDA Product will infringe one or more claims of the '628 patent including, for example, claim 1.

126. According to Cipla's Notice Letter, Cipla's ANDA Product contains vutrisiran sodium, which is a salt of a double stranded RNAi agent for inhibiting expression of transthyretin (TTR).

127. Vutrisiran sodium comprises a salt of a double stranded ribonucleic acid agent for inhibiting expression of transthyretin (TTR), comprising a sense strand and an antisense strand forming a double stranded region, wherein the sense strand comprises the nucleotide sequence 5′-usgsggauUfuCfAfUfguaaccaaga-3′ of SEQ ID NO:10 and the antisense strand comprises the

nucleotide sequence 5′-usCfsuugGfuuAfcaugAfaAfucccasusc-3′ of SEQ ID NO:7, wherein a, c, g, and u are 2′-O-methyl (2′-OMe) A, C, G, and U, respectively; Af, Cf, Gf, and Uf are 2′-fluoro A, C, G, and U, respectively; s is a phosphorothioate linkage; and wherein the sense strand of the double stranded RNAi agent is conjugated to a ligand.

128. In Cipla's Notice Letter, Cipla did not contest the infringement of claims 1–33 of the '628 patent on any basis other than the alleged invalidity of those claims. Cipla knows that the manufacture, use, offer for sale, and/or sale, or importation into the United States of Cipla's ANDA Product will infringe one or more claims of the '628 patent.

129. On information and belief, Cipla will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Cipla's ANDA Product immediately and imminently upon approval of its ANDA.

130. On information and belief, Cipla plans and intends to, and will, actively induce infringement of one or more claims of the '628 patent when Cipla's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Cipla's activities will be done with knowledge of the '628 patent and specific intent to infringe that patent. On information and belief, the proposed product labeling for Cipla's ANDA Product will instruct, or otherwise encourage, recommend, or promote, the administration of vutrisiran in an infringing manner and one or more individuals will use vutrisiran in an infringing manner.

131. On information and belief, Cipla knows that Cipla's ANDA Product and its proposed labeling are especially made or adapted for use in infringing one or more claims of the '628 patent, that Cipla's ANDA Product is not a staple article or commodity of commerce, and that Cipla's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Cipla plans and intends to, and will, contribute to infringement of

one or more claims of the ’628 patent immediately and imminently upon approval of Cipla’s ANDA.

132. Notwithstanding Cipla’s knowledge of the claims of the ’628 patent, Cipla has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Cipla’s ANDA Product with its product labeling following FDA approval of Cipla’s ANDA prior to the expiration of the ’628 patent.

133. On information and belief, the manufacture, use, sale, offer for sale, and/or importation of Cipla’s ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the ’628 patent, including, for example, claim 1.

134. The foregoing actions by Cipla constitute and/or will constitute infringement of one or more claims of the ’628 patent, active inducement of infringement of one or more claims of the ’628 patent, and/or contribution to the infringement by others of one or more claims of the ’628 patent, either literally or under the doctrine of equivalents.

135. Alnylam will be substantially and irreparably damaged by infringement of the ’628 patent.

136. Unless Cipla is enjoined from infringing the ’628 patent, actively inducing infringement of the ’628 patent, and contributing to infringement by others of the ’628 patent, Alnylam will suffer irreparable injury. Alnylam has no adequate remedy at law.

## COUNT X – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’628 PATENT

137. Alnylam incorporates each of the preceding paragraphs as if fully set forth herein.

138. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Alnylam on the

one hand and Cipla on the other regarding Cipla's infringement, active inducement of infringement, and/or contribution to the infringement by others of the '628 patent.

139. The Court should declare that the commercial manufacture, use, sale, offer for sale, and/or importation of Cipla's ANDA Product with its proposed labeling, or any other Cipla drug product that is covered by or whose use is covered by the claims of the '628 patent, will infringe, induce the infringement of, and/or contribute to the infringement by others of one or more claims of the '628 patent, either literally or under the doctrine of equivalents.

**PRAYER FOR RELIEF**

WHEREFORE, Alnylam requests the following relief:

a) A judgment that one or more claims of each of the Patents-in-Suit has been infringed under 35 U.S.C. § 271(e)(2) by Cipla's submission to the FDA of Cipla's ANDA;

b) A judgment ordering that the effective date of any FDA approval of Cipla's ANDA be not earlier than the latest of the expiration dates of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

c) A permanent injunction enjoining Cipla, and all persons acting in concert with Cipla, from the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Cipla's ANDA Product, or any other drug product covered by or whose use is covered by one or more claims of one or more of the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, inclusive of any extension(s) and additional period(s) of exclusivity;

d) A judgment declaring that the commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Cipla's ANDA Product, or any other drug product which is covered by or whose use is covered by one or more claims of one or more of the Patents-in-Suit, prior to the expiration of the Patents-in-Suit, will infringe, induce the infringement of,

and/or contribute to the infringement by others of the patents, either literally or under the doctrine of equivalents;

e) A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

f) Alnylam's costs and expenses in this action; and

g) Such further and other relief as the Court may deem just and proper.

Dated: September 16, 2026

MCCARTER & ENGLISH, LLP

*<u>/s/ Daniel M. Silver</u>*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff*

OF COUNSEL:

Jessamyn S. Berniker
Thomas S. Fletcher
Christopher J. Mandernach
Kathryn S. Kayali
Adam Pan
Molly K. Moore
Philip N. Haunschild
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, DC 20024
(202) 434-5000
jberniker@wc.com
tfletcher@wc.com
cmandernach@wc.com
kkayali@wc.com
apan@wc.com
mmoore@wc.com
phaunschild@wc.com